LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
John H. Lovell, SBN: 12609300
Joe L. Lovell, SBN: 12609100
Deborah D. Reeves, SBN: 24006668
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Telephone: 806/373-1515
Facsimile: 806/379-7176
*Attorneys for Robert L. Templeton,*
*Independent Executor of the Frances E. Maddox Estate*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, INC., | § | CASE NO. 09-20232-rlj-11 |
| | § | |
| Debtor. | § | |

___

| | | |
|---|---|---|
| **ROBERT TEMPLETON**, Independent Executor of the **FRANCES E. MADDOX ESTATE**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | **Adversary No. 10-02021-rlj** |
| **TEXAS CAPITAL BANK, N.A.**, | § § § | |
| Defendant. | § | |

___

### PLAINTIFF'S MOTION FOR CONSOLIDATION OF PROCEEDINGS

Plaintiff, Robert Templeton, Independent Executor of the Frances E. Maddox Estate, ("Templeton"), files this Motion for Consolidation of Proceedings and shows the following:

# I.

## BACKGROUND

1. This adversary proceeding was filed on Oct. 7, 2010, in part, for the purpose of objecting to the claim of Texas Capital Bank, N.A. ("TCB").

2. Templeton objects to the claim on the basis that TCB **does not** have a security interest in the life insurance proceeds held in the registry of the court. Templeton also objects to TCB's claim relating to all lien claims lodged by TCB, of any nature and for any reason, by its Claim 99 (and any subsequent amendments).

3. As noted in Templeton's adversary complaint, a companion issue arose in another adversary proceeding, 09-02005, addressing ownership of life insurance policies. In 09-02005, TCB intervened and asserted it had a lien on the proceeds of the life insurance policies. *See* Cause No. 09-2005, Docket No. 14. TCB also filed a partial motion for summary judgment seeking declaratory relief. *See* Cause No. 09-02005, Docket No. 86.

4. Adversary Proceedings 09-02005 and 09-02007 were consolidated into Civil Action No. 2:09-cv-00231-C. *See* Cause No. 2:09-cv-00231-C, Docket No. 6.

5. The disputes in the 2:09-cv-00231-C proceeding were disposed of by Agreed Order, with the exception of the issues surrounding TCB's intervention. *See* Cause No. 09-20232, Docket No. 1536. Judge Cummings ordered that the "TCB Intervention and pending claims asserted therein by Intervenor Texas Capital Bank, N.A., including all pleadings, motions, responses, replies, and orders with respect thereto, are referred back to the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, for adjudication." *Id.* at ¶ 6.

## II.

## ARGUMENT

6. Due to the similar nature of the TCB intervention issues that are currently pending in this court, and the issues in this adversary proceeding, Templeton asks the court to consolidate the proceedings.

7. Templeton asks to consolidate the proceedings under Fed. R. Civ. P. 42(a), as made applicable in adversary proceedings by Fed. R. Bank. P. 7042. Rule 42 instructs:

(a) If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial, any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary costs or delay.

*See* Fed. R. Civ. P. 42(a).

8. The threshold issue in determining whether to order a consolidation of the proceedings is whether the proceedings involve common party and common issues of fact or law. *Seguro de Servicio de Salud v. McAuto Sys.*, 878 F.2d 5, 8 (1st Cir. 1989). Once this determination is made, a court has very broad discretion in weighing costs and benefits of consolidation in deciding whether the procedure is appropriate. *Frazier v. Garrison I.S.D*, 980 F.2d 1514, 1531 (5th Cir. 1993). A motion for consolidation will usually be granted unless the opposing party can show "demonstrable prejudice." *Seguro de Servicio de Salud*, 878 F.2d at 7-8.

9. There is no dispute that both parties are involved in the proceedings that Templeton seeks to consolidate. There is also no dispute that the matters involve common questions of law and fact surrounding an issue on whether TCB has a security interest in the life insurance proceeds held

in the registry of the court. Based on these factors, consolidation is appropriate. *See Frazier*, 980 F.2d at 531; *Seguro de Servicio de Salud,* 878 F.2d at 7.

10. Based on the similarities between these matters and the Court's involvement in all proceedings, there is no risk of prejudice or unfair advantage to any party. *See Cantrell v. GAF Corp.,* 999 F.2d 1007, 1011 (6th Cir. 1993).

11. Further, due to the similarities and narrow legal issues in both proceedings, consolidation will further judicial economy. *See Cantrell*, 999 F.2d at 1011. For example, there is no discovery to be conducted, and both parties have laid out their respective positions in summary judgment filings. *See* Cause No. 09-02005, Docket No. 86; Cause No. 10-02021, Docket No. 2.

### III.

### CONCLUSION

For these reasons, Templeton asks the Court to consolidate Adversary No. 10-02021 with the TCB Intervention in Cause No. 09-02005 (such intervention noted in Judge Cummings' Agreed Order, Docket 1536) and for such other and further relief to which he may show himself justly entitled at law or equity.

DATED this 5th day of November, 2010.

>Respectfully submitted,
>
>LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
>Joe L. Lovell, SBT: 12609100
>John H. Lovell, SBT: 12609300
>Deborah D. Reeves, SBT: 24006668
>112 West 8th Avenue, Suite 1000
>Amarillo, Texas 79101-2314
>Telephone: (806) 373-1515
>Facsimile: (806) 379-7176
>
>By */s/ John H. Lovell*
>    John H. Lovell
>
>***Attorneys for Robert Templeton, Independent Executor of the Frances E. Maddox Estate***

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that she contacted Eli Columbus, counsel for Texas Capital Bank, on November 4, 2010, regarding the relief requested in this Motion for Consolidation of Proceedings. Counsel for TCB opposed the relief sought in this motion

>*/s/ Deborah D. Reeves*
>Deborah D. Reeves

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent via ECF and/or regular mail on this the 5th day of November, 2010 to the following listed parties in interest:

1. David Brown
   Eli O. Columbus
   J. Brian Vanderwoude
   Lloyd A. Lim
   Winstead PC
   5400 Renaissance Tower
   1201 Elm Street
   Dallas, Texas 75270-2199
   ***Attorneys for Texas Capital Bank, N.A.***

2. U. S. TRUSTEE
   1100 Commerce Street, Room 976
   Dallas, Texas 75242-1496

3. All creditors and parties in interest registered with the U. S. Bankruptcy Court to receive electronic notices in this case.

   */s/ John H. Lovell*
   John H. Lovell